CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 01, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Kimberly Wood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00008 |
| | ) | |
| Bank of America N.A. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on *pro se* Plaintiff Kimberly Wood's emergency motion for a temporary restraining order and preliminary injunction against "Capitol One Auto Finance" ("Capital One"). (Dkt. 19.) For the following reasons, the court will deny Wood's motion.

On January 20, 2026, Wood initially filed this suit against Defendants Bank of America; Compu-link; Cohn, Goldberg, & Deutsch LLC; and U.S. Department of Housing and Urban Development. (Dkt. 1 at 1.) In her complaint, Wood alleged that the real property she inherited from her mother is subject to a "defective" Home Equity Conversion Mortgage ("HECM") loan and deed of trust that was "void from origination," such that any foreclosure attempt is "based on false and inconsistent recorded documents."[1] (*Id.* at 8.) She concurrently

---

[1] This is not the first time that Wood has filed in this court concerning the HECM loan and foreclosure of this property. In December of 2025, Wood filed a complaint and motion for preliminary injunction against many of same defendants. (Pl.'s Mot. for Prelim. Inj., *Wood v. Cohn, Goldberg & Deutsch LLC et al.*, No. 5:25-cv-00135 (W.D. Va. Dec. 4, 2025), Dkt. 3.) The court denied the motion and dismissed the case without prejudice for failing to state a claim. (Mem. Op. & Order, *Wood v. Cohn, Goldberg & Deutsch LLC et al.*, No. 5:25-cv-00135 (W.D. Va. Dec. 8, 2025), Dkt. 5.) Wood also has a nearly identical lawsuit in this court, in which she filed the exact same emergency motion as the one currently before the court.

moved for a temporary restraining order ("TRO") and preliminary injunction seeking to prevent Defendants from "foreclosing, selling, or transferring" the inherited property. (Dkt. 3 at 3–4.) After the court denied her motion for TRO and left her request for a preliminary injunction pending, (Dkt. 5 at 1 n.1, 3), Wood filed an amended complaint, adding Nationstar Mortgage, Champion Mortgage, and Samuel I. White as Defendants, (Dkt. 10 at 1). The amended complaint, only a few pages long, sought "to stop a wrongful foreclosure and quiet title" to the inherited real property like her initial complaint. (*Id.* at 2.)

Several months later, on March 16, 2026, Wood filed a motion "for an Emergency Temporary Restraining Order . . . to enjoin Capital On[e] Auto Finance from repossessing [her] auto mobile (2021 Ram 1500 truck)." (Dkt. 19 at 1.) On the same day, she submitted a proposed summons and USM-285 Process Receipt and Return Form for service of "Capitol One Auto Finance Inc." (*See* Dkts. 18, 18-1.) Prior to March 16, Wood had neither named Capital One Auto Finance as a defendant in this case nor made any claims or allegations against this entity.

A TRO or preliminary injunction under Federal Rule of Civil Procedure 65 is an "extraordinary remed[y]" that should be granted "only sparingly and in limited circumstances." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 816 (4th Cir. 1991) (cleaned up); *see Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 501 (E.D. Va. 2021). Preliminary injunctive relief "may only be awarded upon a clear showing that the plaintiff is entitled to relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up).

---

(*See* Em. Mot. for TRO & Prelim. Inj., *Wood v. Bank of America N.A. et al.*, No. 5:26-cv-00023 (W.D. Va. Jan. 20, 2026), Dkt. 17.)

Specifically, a plaintiff seeking a TRO or preliminary injunction must demonstrate (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20; *see Maages Auditorium v. Prince George's Cnty.*, 4 F. Supp. 3d 752, 760 n.1 (D. Md. 2014), *aff'd*, 681 F. App'x 256 (4th Cir. 2017) ("The standard for a temporary restraining order is the same as a preliminary injunction."). The plaintiff's failure to establish just one factor warrants the denial of relief. *See Am. Fed'n of Tchrs. v. Bessent*, 152 F.4th 162, 169 (4th Cir. 2025). Because Wood is proceeding *pro se*, the court must liberally construe her filings while applying these standards. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, liberal construction "does not transform the court into an advocate" for a *pro se* litigant. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990).

In her TRO motion, Wood makes a series of vague and disjointed allegations about the "fraud and theft" underlying the HECM loan, her exhaustion of savings on "ineffective counsel" and "essential repairs" of the house, and her separate bankruptcy proceeding. (Dkt. 19 at 2.) Wood states that Capital One was notified of her filing for bankruptcy protection, but that the bankruptcy was later "removed," and that she "has demonstrated continuous good faith by making partial payments" to Capital One. (*Id.*) Then, she asserts that Capital One has locked her out of her online account and stopped communicating with her via mail or email. (*Id.* at 3.) She alleges that Capital One "threaten[s] a 'stealth' repossession" of her

car at her home or place of employment, "without the opportunity for [Wood] [t]o raise 'Breach of Peace' objection." (*Id.*)

First, Wood's claims against Capital One for potential repossession of her car appear to be entirely distinct from her claims alleged in the underlying suit—in both her complaint, (Dkt. 1), and amended complaint, (Dkt. 10). *See Imagine Medispa, LLC v. Transformations, Inc.*, 999 F. Supp. 2d 862, 867 (S.D.W. Va. 2014) ("[N]ew claims unrelated to the allegations contained in the complaint cannot serve as the basis for a preliminary injunction."). In fact, Wood had not made any allegations about Capital One prior to the instant motion, and she only now seeks to name the entity as a defendant. Because Wood fails to show that Capital One has any role in the quiet title action, foreclosure issues, statutory violations, and constitutional violations mentioned in her complaint and amended complaint, (*see* Dkt. 1 at 3, 8–10; Dkt. 10 at 2), she cannot ask the court to enjoin this non-party.[2] *See Abdullah-Malik v. Bryant*, No. 1:14-cv-00109, 2015 WL 225740, at *3 (D.S.C. Jan. 16, 2015) ("[T]o the extent he seeks to enjoin persons who are not parties to this lawsuit, Plaintiff's motion is improper.").

Even if the claims were related and Capital One had been named as a defendant in this suit, Wood provides no legal basis for her claims against Capital One and thus fails to show a likelihood of success on the merits. Wood briefly cites a "lack of due process," but does not make a single further allegation to support a constitutional claim. (Dkt. 19 at 3.) In fact,

---

[2] Wood also cannot add new allegations or defendants without amending her complaint. *See Rutledge v. Town of Chatham*, No. 4:10-cv-00035, 2010 WL 3835662, at *3 (W.D. Va. Sept. 30, 2010), *aff'd sub nom. Rutledge v. Roach*, 414 F. App'x 568 (4th Cir. 2011) ("[T]he Plaintiff cannot add a Defendant without amending his Complaint, which he has not done."). Moreover, Wood may not "join multiple defendants into a single lawsuit where the claims against the defendants are unrelated." *Stout v. Meletis*, No. 3:09-cv-00538, 2011 WL 1167471, at *1 n.1 (E.D. Va. Mar. 24, 2011); *see Cooper v. South Carolina*, No. CV 3:17-3205, 2017 WL 6388042, at *3 (D.S.C. Dec. 14, 2017); Fed. R. Civ. P. 21.

private entities like Capital One Auto Finance are not subject to suit for due process claims and other constitutional violations absent government involvement. *See Brentwood Acad. v. Tennessee Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001); *Hurt v. G.C. Murphy Co.*, 800 F.2d 260, 1986 WL 17434, at *1 (4th Cir. Sept. 11, 1986) (unpublished table opinion) (per curiam). She also cites Virginia Code § 8.9A-609, (*see* Dkt. 19 at 3), which is a state statutory provision that regulates a secured party's right to take possession of equipment after default. The statute requires a secured party to "proceed[] without breach of the peace" when repossessing collateral without judicial process. Va. Code Ann. § 8.9A-609(b)(2). However, Wood does not allege that Capital One has even taken possession of her vehicle, much less committed a breach of the peace. Wood is unable to make a clear showing that she is likely to succeed on the merits of her vague claims.

Additionally, Wood does not show that she is likely to suffer irreparable harm in the absence of a preliminary injunction. To satisfy the second *Winter* factor, "a plaintiff must demonstrate more than just a possibility of irreparable harm." *Di Biase v. SPX Corp.*, 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks omitted). The irreparable harm alleged must be "neither remote nor speculative, but actual and imminent." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 812 (4th Cir. 1991) (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)). Wood merely alleges that her car "is vulnerable to 'stealth' repossession" at some unspecified time. (*Id.* at 3.) She does not allege any facts to suggest that this potential repossession is actual and imminent.

Because Wood has clearly failed to satisfy the first and second *Winter* factors, the court need not consider the remaining factors. *See Henderson for NLRB v. Bluefield Hosp. Co., LLC*, 902 F.3d 432, 439 (4th Cir. 2018) (holding that a district court need not "mechanically consider all four *Winter* factors if one is clearly absent"). Wood does not establish her entitlement to the extraordinary relief of a TRO. Furthermore, to the extent that Wood asks for a preliminary injunction, the court will deny the motion for the same reasons it denies the TRO, including the fact that Wood seeks preliminary injunctive relief against a non-party.

### IV.    Conclusion and Order

For the foregoing reasons, Wood's motion for temporary restraining order and preliminary injunction, (Dkt. 19), is **DENIED**.

The Clerk is directed to send a copy of this Order to Plaintiff and all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 1st___ day of April, 2026.

_____
HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE