CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
May 28, 2026
LAURA A. AUSTIN, CLERK
BY: s/ D. AUDIA
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| Kimberly Wood, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 5:26-cv-00008[1] |
| | ) | |
| Bank of America N.A. *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

On May 18, 2026, pursuant to the court's May 1 order, (Dkt. 59), Plaintiff Kimberly Wood filed a second amended consolidated complaint, (Dkt. 62), along with proposed summonses and USM-285 forms for the newly named defendants, (Dkt. 63). For the following reasons, the court will deny as moot Defendants' motions to dismiss, (Dkts. 31, 34, 37, 56, Case No. 5:26-cv-00008; Dkt. 21, Case No. 5:26-cv-00023), grant Wood leave to amend her second amended consolidated complaint to clearly allege either federal question or diversity jurisdiction, and deny Wood's motion for a preliminary injunction, (Dkt. 3).

### I.    Motions to Dismiss

First, "[i]t is well settled that an amended pleading supersedes the original, and motions directed at superseded pleadings must be denied as moot." *Dykes v. Portfolio Recovery Assocs., LLC*, 306 F.R.D. 529, 530 (E.D. Va. 2015). Defendants Bank of America, N.A.; Cohn, Goldberg & Deutsch; Compu-Link Corporation; U.S. Department of Housing and Urban

---

[1] The court has consolidated Case Nos. 5:26-cv-00008, 5:26-cv-00023, and 5:26-cv-00055. (Dkt. 59.) Case No. 5:26-cv-00008 has been designated as the lead case.

Development; Nationstar Mortgage LLC d/b/a Mr. Cooper; and Champion Mortgage have all filed motions to dismiss.  (Dkts. 31, 34, 37, 56, Case No. 5:26-cv-00008; Dkt. 21, Case No. 5:26-cv-00023.)  Because they address a now-superseded complaint, Defendants' motions to dismiss will be denied as moot.

## II.    Lack of Subject Matter Jurisdiction

Second, the court is inclined to dismiss Wood's second amended consolidated complaint for a lack of subject matter jurisdiction.  Federal courts have subject matter jurisdiction over (1) civil cases "arising under the Constitution, laws, or treaties of the United States" ("federal question jurisdiction"), 28 U.S.C. § 1331; and (2) civil cases in which the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs," and in which diversity of citizenship exists between the parties ("diversity jurisdiction"), *id.* § 1332.  Wood asserts that this court has federal question jurisdiction under § 1331 "to the limited extent Plaintiff seeks declaratory or related civil relief concerning federally regulated reverse-mortgage or HUD-linked transactions previously placed at issue in the consolidated cases," as well as supplemental jurisdiction over related state-law claims pursuant to 28 U.S.C. § 1367.  (Dkt. 62 at 3.)

Wood has previously alleged claims arising under federal law against some of the Defendants in this case, over which this court has § 1331 federal question jurisdiction.  (*See, e.g.*, Dkt. 1 at 3.)  But her second amended consolidated complaint does not clearly justify this court's continued exercise of federal question jurisdiction over this matter.  The Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202, "does not provide an independent basis for federal [question] jurisdiction." *Ibrahim v. Chertoff*, 529 F. Supp. 2d 611, 615 (E.D.N.C. 2007) (citing

*Gibraltar, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 619 (4th Cir. 1997)).  "Instead, federal courts may hear declaratory judgment actions only in cases otherwise within the jurisdiction of the district court."  *Deutsch Bank Nat'l Tr. Co. v. Fegely*, No. 3:16-cv-00147, 2017 WL 10403450, at *2 (E.D. Va. Feb. 16, 2017).

Thus, Wood's Count I request for declaratory relief, without more, does not authorize this court to exercise federal question jurisdiction over this case.  If there is no federal question or diversity jurisdiction, this court must dismiss Wood's complaint for lack of subject matter jurisdiction.  Being mindful of the plaintiff's *pro se* status, the court will grant Wood leave to file a third consolidated amended complaint that clearly alleges either federal question or diversity jurisdiction.  Wood must file another amended complaint **within 14 days** of the date of this Order.  If she does not file a third amended complaint within 14 days, the court will dismiss the case for lack of subject matter jurisdiction.  As a reminder, Wood's third amended complaint will replace, not supplement, her second amended complaint.  *See Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021).

### III.    Motion for Preliminary Injunction

Third, Wood filed a motion for preliminary injunction alongside her original complaint. (Dkt. 3.)  That motion was explicitly "based on the Complaint filed concurrently."  (*Id.* at 2.) Now that Wood has filed her second amended consolidated complaint, which supersedes the original complaint, her motion for preliminary injunction seeks relief for claims that are not alleged in her operative consolidated complaint.  *See El v. United States Dep't of Com.*, No. 2:18-cv-00190, 2021 WL 1540467, at *1 (E.D. Va. Mar. 25, 2021), *aff'd*, No. 21-1431, 2021 WL 5564670 (4th Cir. Nov. 29, 2021) (noting that the court had dismissed plaintiff's first motion

for preliminary injunction as moot after she filed an amended complaint); *Garcia v. Mid-Atl. Mil. Fam. Communities LLC*, No. 2:20-cv-00308, 2021 WL 1429474, at *3 (E.D. Va. Mar. 4, 2021) ("Because the Court grants Plaintiff leave to file an Amended Complaint, Defendants' Motion to Dismiss and Plaintiff's Motion for Preliminary Injunction—which seek relief based on Plaintiff's initial Complaint—are DISMISSED as moot.").

If the court construes Wood's preliminary injunction motion as incorporating her second amended consolidated complaint, the motion will nevertheless be denied. A preliminary injunction under Federal Rule of Civil Procedure 65 is an "extraordinary remedy" that should be granted "only sparingly and in limited circumstances." *Direx Israel, Ltd. v. Breakthrough Med. Corp.*, 952 F.2d 802, 811, 816 (4th Cir. 1991) (cleaned up); *see Variable Annuity Life Ins. Co. v. Coreth*, 535 F. Supp. 3d 488, 501 (E.D. Va. 2021). Thus, a preliminary injunction "may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (cleaned up). A plaintiff must demonstrate (1) that she is likely to succeed on the merits; (2) that she is likely to suffer irreparable harm without preliminary relief; (3) that the balance of equities tips in her favor; and (4) that an injunction is in the public interest. *Id.* at 20.

Wood does not establish in her motion for preliminary injunction or in her second amended consolidated complaint that she is likely to suffer irreparable harm. The consolidated complaint does not contain factual allegations or evidence of impending foreclosure proceedings. Rather, Wood alleges that foreclosure was "scheduled to take place on December 19, 2025 at 10 a.m., but was actively halted by Plaintiff's emergency interventions, leaving the entire manufactured foreclosure mechanism exposed before this Court." (Dkt. 62

at 6.) She provides no information as to the status or imminence of such foreclosure proceedings. Thus, there is no clear showing that Wood faces an "actual and imminent" threat of irreparable harm in the absence of the requested preliminary injunction. *Direx Israel, Ltd.*, 952 F.2d at 812 (quoting *Tucker Anthony Realty Corp. v. Schlesinger*, 888 F.2d 969, 975 (2d Cir. 1989)).

The plaintiff's failure to establish just one factor warrants the denial of preliminary injunctive relief. *See Frazier v. Prince George's Cnty., Maryland*, 86 F.4th 537, 544 (4th Cir. 2023). Accordingly, the preliminary injunction motion will be denied for failure to clearly show irreparable harm.

### IV.    Conclusion and Order

For the foregoing reasons, Defendants' motions to dismiss, (Dkts. 31, 34, 37, 56, Case No. 5:26-cv-00008; Dkt. 21, Case No. 5:26-cv-00023), are **DENIED** as moot. Wood's motion for a preliminary injunction, (Dkt. 3), is **DENIED**. Wood is **GRANTED** leave to file an amended complaint **within 14 days** of the date of this Order. If Wood's third amended complaint is not timely filed, this court will dismiss her second amended consolidated complaint, (Dkt. 62), for lack of subject matter jurisdiction.

The Clerk is directed to send a copy of this Order to Wood and all counsel of record.

**IT IS SO ORDERED.**

**ENTERED** this 28th  day of May, 2026.

HON. JASMINE H. YOON
UNITED STATES DISTRICT JUDGE